IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DALE P. FIELD, JR.,**

      Plaintiff,

v.                                          Civil Action No.  5:21-cv-34
                                                            Judge Bailey

**BETSY JIVIDEN, DCR Commissioner;**
**BRYAN KELLY LANHAM, Superintendent;**
**JOHN DOE, Correctional Officer,**

      **Defendants.**

## REPORT AND RECOMMENDATION

The plaintiff, who is currently detained at the McDowell County Correctional Center, filed this action *pro se.* In addition, he filed an Application and Affidavit to Proceed Without Prepayment of Fees ("*in forma pauperis*"), Prisoner Trust Account Report with ledger sheets, and a Consent to Collection of Fees.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to

1

state a claim upon which relief can be granted ("three strikes").").  Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va.  June 30, 2008) (Johnson, J.).

The undersigned's review of PACER indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision. *See, e.g.*,  *Field v. Farmer.*, No. 1:16-cv-149 (N.D.W. Va. Jan. 10, 2017) (granting defendants' motions to dismiss for failure to state a claim for relief); *Field v. Fitzgerald, et al.*, No. 2:16-cv-97 (N.D.W. Va. August 22, 2017) (adopting Magistrate Judge's Report and Recommendation that the plaintiff has failed to state a claim upon which relief can be granted); and *Field v. State of West Virginia, et al.,* Civil Action No. 2:20-cv-147 (S.D.W. Va. December 12, 2019) (adopting Magistrate Judge's Report and Recommendation that defendants' Motions to Dismiss be granted because the plaintiff's claims are barred by the Eleventh Amendment, are barred under the doctrine of respondeat superior, and otherwise fail to state a claim upon which relief can be granted).

Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury.  *See* 28 U.S.C. 1915 (g). Vague, speculative, or conclusory allegations are insufficient to invoke this exception. *See Johnson v. Warner*, 200 F. Appx 270, 272 (4th Cir. 2006) (per curiam) (unpublished).  Rather, the inmate must make "specific fact

2

allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the instant case, the plaintiff alleges that on April 3, 2019, while he was housed at the Tygart Valley Regional Jail, a tower officer "slammed a cell door crushing [his] left hand between the door and the door [jamb] inflicting great pain and personal injury." [Doc. 1 at 7]. For relief, he seeks $799,000 in monetary damages and $50,000 in punitive damages.

Clearly, the plaintiff's complaint fails to allege a plausible claim that he is under imminent danger of serious physical injury. Therefore, the undersigned concludes that the plaintiff has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule.

For the foregoing reasons, the undersigned recommends the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g) and his pending Motion For Leave to Proceed *in forma pauperis* [ECF No. 2] be **DENIED AS MOOT.** The undersigned further recommends that the plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $402 filing fee.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not

exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: June 15, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE